**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 4 2011

JAMES W. McCORMACK, CLERK

By:

DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

GUSTAVIA REED )
)
)
Plaintiff, )
)
v. )    Case No. **4 · 1 1 - C V - 0 23 5 JMM**
)
)
UNION PACIFC RAILROAD COMPANY, )
)
Defendant. )    This case assigned to District Judge _Moody_
and to Magistrate Judge _Young_

Serve: The Corporation Company
124 W. Capitol Ave., Suite 1900
Little Rock, AR 72201

---

## COMPLAINT

---

Gustavia Reed ("the Plaintiff") brings this action for personal injuries she sustained while

working for Union Pacific Railroad Company ("the Defendant). For her Complaint, the Plaintiff,

for her cause of action under Count I, states as follows:

### COUNT I

### GENERAL NEGLIGENCE

#### The Parties, Jurisdiction, and Venue

1.     The Plaintiff brings this action for negligence under the Federal Employer's

Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.* This Court has jurisdiction under 45 U.S.C. §

56 and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b).

2.     At all times relevant, the Plaintiff, was a resident of Sherwood, Pulaski County,

Arkansas, residing at 8606 Woodridge Drive, Sherwood, AR 72120.

3.      At all times relevant to this lawsuit, the Plaintiff was employed by the Defendant as a conductor.

4.      The Defendant is a Delaware corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States.   At all times relevant to this Complaint, the Defendant has conducted business in the State of Arkansas.   The Defendant's registered agent for service of process appears in the caption of this Complaint.

5.      On or about May 21, 2008, while Plaintiff was employed by and working for Defendant as a conductor, it became and was her duty to dismount the engine and walk up to a crossing at Menifee near milepost 380.8 to line the main switch to enable the train to take the siding.  Upon reaching the crossing and stepping up to the asphalt road crossing, the asphalt gave way causing plaintiff to fall.   As a direct result of the foregoing, Plaintiff was caused to sustain severe, permanent, painful, and disabling bodily injuries as hereinafter described.

6.      As a result of the fall, Plaintiff injured her knees, hip, neck, back, right arm and aggravated a pre-existing asymptomatic arthritic condition in her right knee.  She has undergone numerous medical tests and studies including x-rays, MRI's, physical therapy, intermittent injections and arthroscopy and chondroplasty surgery.   Although she has undergone treatment, she may still require total knee replacements for her disabling condition.
Plaintiff's strength, use and function of her body, and specifically, her knees, back, hip, neck and right arm, have been permanently weakened, diminished, and impaired.

7.      At all times relevant to this Complaint, the Defendant had a legal duty under the Federal Employer's Liability Act to provide the Plaintiff with a safe place to work, safe working conditions and safe methods for work.

2

8.    The Defendant through the acts of its officers, agents, servants and/or the Defendant's employees other than the Plaintiff failed to carry out these responsibilities, thereby breaching its duty to the Plaintiff by:

a.    Failing to provide the plaintiff with adequate training, equipment, or work conditions;

b.    By failing to promulgate, follow, and enforce reasonable rules, customs, practices, policies, and procedures for the protection of the plaintiff;

c.    By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant, through its officers, agents, servants, and/or other employees other than Plaintiff, caused, permitted, and allowed the subject crossing to come into and to remain in an unsafe and hazardous condition when Defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby;

d.    By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to promulgate, follow and enforce reasonable rules, customs, practices, policies, and procedures for keeping the crossing area in a safe condition in which it would not crumble or give way underfoot and it would not present a tripping or fall hazard when Defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby;

3

e.     By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to provide reasonably adequate warning to its employees, including Plaintiff, that the crossing presented a fall hazard when the Defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby.

f.     By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to inspect the crossing when Defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby.

g.     By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to maintain the crossing when defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby.

h.     By failing to furnish and provide Plaintiff with a reasonably safe place tow work and with reasonably safe conditions for work in that Defendant failed to promulgate and enforce safety rules, policies, or procedures requiring regular inspections and maintenance of its crossings for hazardous conditions, when Defendant knew, or by the exercise of ordinary care should have known, that in failing to do so, it was likely that

4

such hazardous conditions would exist and would remain and that it was

likely that employees, including Plaintiff, would be injured thereby.

i.     The Defendant, by and through employees other than Plaintiff, negligently

failed to furnish and provide Plaintiff with a reasonably safe place to work

and with reasonably safe conditions for work in that Defendant's agents,

servants, and employees, other than Plaintiff, carelessly and negligently

left the crossing in a state of disrepair when Defendant's agents, servants,

and employees, other than Plaintiff, knew or by the exercise of ordinary

care should have known, that the crossing would likely cause Plaintiff to

fall and be injured thereby.

j.     Requiring the Plaintiff to perform the tasks described herein while it knew

or had reason to know that such tasks were reasonably likely to cause

injury to its employees, including the Plaintiff.

9.     The Defendant was negligent in each of the respects outlined in this Complaint because the Defendant knew, or by the exercise of ordinary care should have known, that each alleged failure was reasonably likely to cause the Plaintiff to suffer bodily injury.

10.     The Defendant, in each of its negligent acts alleged in this Complaint has violated the Federal Employer's Liability Act.

11.     The Defendant's negligence has caused, in whole or in part, the Plaintiff to suffer the injuries described in Paragraph 6 of this Complaint, and the following damages: Physical pain and suffering (past, present, and future); emotional pain and suffering (past, present and future); the impairment of her physical ability to perform work, household, and leisure activities; the reasonable value of necessary medical care received and expenses incurred as a result of her

injuries; the reasonable costs of medical care necessary in the future; the value of past earnings lost as a result of the injuries; the value of future earning capacity lost because of the injuries, taking into consideration the Plaintiff's earning power, age, health, life expectancy, mental and physical abilities, habits and any other circumstances shown by the evidence; lost fringe benefits of her employment (both past and future); the reasonable value of necessary services provided by another in doing things for the Plaintiff, which except for the injury, Plaintiff would ordinarily have performed herself; and the cash value of such services reasonably certain to be required in the future.

WHEREFORE, the Plaintiff seeks a judgment and award of damages in an amount that is fair and reasonable to compensate her for these injuries and damages listed in this Complaint, and for all pre-judgment and post-judgment interest allowed by law; all relief allowed under FELA; for her costs to bring this action and for all other relief deemed just and proper by this Court.

## COUNT II

## NEGLIGENCE PER SE

## (FEDERAL TRACK SAFETY STANDARDS)

Plaintiff, for her cause of action against the Defendant in this Count II of this Complaint, states and alleges as follows:

12.     This action is based upon and brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et sequitur*, and the Federal Track Safety Standards, 49 U.S.C. 213, *et sequitur*, as incorporated in the Federal Railroad Safety Act of 1970, 45 U.S.C.A.

13.     Plaintiff re-alleges, adopts and incorporates herein each and every allegation of the statements contained in paragraphs numbered 1-11 of Count I of her Complaint, the same as if said allegations and statements were herein set forth in their entirety.

14.     Defendant negligently and in violation of 49 C.F.R. §§ 213 of the Federal Track Safety Standards specifically, Sub-Part A, §§ 213.1, 213.3, 213.5, 213.7 and Sub-Part B §§ 213.31 and 213.33, and Sub-Part D §§ 213.101, 213.103. 213.109 and Subpart F §§ 213.231, 213.233 and 213.235, failed to comply with Federal Track Safety Standards and such failure to comply with these standards caused Plaintiff's injuries, when the Defendant knew or by the exercise of ordinary care should have known that in failing to comply with such Track Safety Standards, that employees of Defendant, including Plaintiff, would likely be injured thereby.

WHEREFORE, Plaintiff prays judgment against Defendant for actual damages, both pecuniary and non-pecuniary which are fair and reasonable for the injuries sustained by Plaintiff, for costs herein incurred and expended; and for such other and further relief as this Court deems just and proper.

## Jury Trial Demand

The plaintiff demands a trial by jury for all issues so triable in this lawsuit of this Complaint. Fed.R.Civ.P. 38(b).

Respectfully submitted,

THE HUBBELL LAW FIRM

Gene C. Napier
30 W Pershing Road, Suite 350
Kansas City, Missouri  64108
(816) 221-5666 Telephone
(816) 221-5259

ATTORNEYS FOR PLAINTIFF